UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY WHITE,

    Plaintiff,

vs.                                                    CASE NO.:

PRESTON'S FOODS, INC., a Florida
Corporation, d/b/a Preston's Steakhouse, and
CLAYTON BROCK, an Individual,

    Defendants.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, GREGORY WHITE ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, PRESTON'S FOODS, INC., a Florida Corporation d/b/a Preston's Steakhouse, and Defendant, CLAYTON BROCK, an Individual (collectively "Defendants") and states as follows:

**JURISDICTION**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

1

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Collier County, Florida.

4. At all times material to this action, Defendant, PRESTON'S FOODS, INC. was, and continues to be a Florida Corporation doing business as Preston's Steakhouse. Further, at all times material hereto, Defendant, PRESTON'S FOODS, INC was, and continues to be, engaged in business in Florida, doing business in Collier County.

5. Upon information and belief, at all times material to this action, Defendant, CLAYTON BROCK ("BROCK"), was and continues to be a resident of Lee County, Florida.

6. At all times material to this action, Defendant, BROCK regularly held and/or exercised the authority to hire and fire employees of PRESTON'S FOODS, INC.

7. At all times material to this action, Defendant, BROCK regularly held and/or exercised the authority to determine the work schedules for the employees of PRESTON'S FOODS, INC.

8. At all times material to this action, Defendant, BROCK regularly held and/or exercised the authority to control the finances and operations of PRESTON'S FOODS, INC.

9. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of PRESTON'S FOODS, INC.; (b) determine the work schedules for the employees of PRESTON'S FOODS, INC.; and (c) control the finances and operations of PRESTON'S FOODS, INC., Defendant, BROCK, is an employer as defined by 29 U.S.C. §201 *et. seq.*

10. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

11. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

13. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

14. At all times material to this action, Defendant, PRESTON'S FOODS, INC., was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cash registers, cleaning supplies, cooking equipment, and food products.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. On or about October 2007, Defendants hired Plaintiff to work as an hourly-paid non-exempt "server" working for Defendants' company, a restaurant.

19. Plaintiff's job duties included, but were not limited to, serving customers in Defendants' restaurant.

20. From at least October 2007 and continuing at least to October 2014, Defendants

3

failed to compensate Plaintiff at the applicable minimum wage for all hours worked in each workweek as required by the FLSA. Plaintiff was paid pursuant to a "tip credit" method and was paid the minimum wage minus the tip credit.

21.  At all material times, the tip credit deducted was $3.02 per hour.

22.  Notwithstanding Defendants' preference to pay Plaintiff through the tip credit, Defendants chose to require Plaintiff to participate in a tip pool contribution plan that includes traditionally non-tipped employees. Specifically, Plaintiff was unlawfully required to share tips with non-tipped employees (an employee working in the kitchen and the Restaurant's owner, Clayton Brock).

23.  Because Defendants' tip-pooling practice and policy was unlawful, Defendants are not permitted to claim the tip credit, and must pay the tip credit taken to Plaintiff.

24.  Further, because tips which were the property of Plaintiff were unlawfully taken and diverted to a kitchen employee and the owner, Clayton Brock, to offset the Defendants' obligation to pay those employees, Plaintiff must be reimbursed for the tips unlawfully diverted in this manner. The taking of these tips reduced Plaintiff's wages even further below minimum wage, and disgorgement of the tips is required to bring Plaintiff's wages up to the statutory minimum.

25.  Defendants have violated Title 29 U.S.C. §206 from December 2013 through October 2014, in that:

    a.  Plaintiff was required to unlawfully pool his tips with non-tipped employees, while Defendants nonetheless took a "tip credit" deduction from Plaintiff's minimum wage.

    b.  No payments, or insufficient payments and/or provisions for payment,

have been made by Defendants to properly compensate Plaintiff at a rate equal to the minimum wage, for all hours worked, because Defendants' illegal tip-pool made them ineligible to claim the tip-credit taken.

c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

26.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

27.    Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

28.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGES (FLSA)

29.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 27 above.

30.    Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

31.    Defendants failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendants.

32.    Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants.

33. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

34. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

35. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages, including disgorgement of tips unlawfully taken and retained by the employer or shared with kitchen employees; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 5th day of March, 2015.

_____
Angeli Murthy, Esq.
Florida Bar No. 088758
Morgan & Morgan, P.A.
600 N. Pine Island Rd.
Suite 400
Plantation, FL 33324
Tel: 954-WORKERS
Facsimile: 954-327-3016
Email: Amurthy@forthepeople.com

*Trial Attorneys for Plaintiff*