# EXHIBIT A

## SETTLEMENT AGREEMENT AND PLAINTIFF'S
## FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

This Settlement Agreement and Plaintiff's Full and Final Release of Claims for Unpaid Wages is made and entered into between GREGORY WHITE (hereinafter referred to as "Plaintiff", a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and PRESTON'S FOODS, INC. d/b/a PRESTON'S STEAKHOUSE and CLAYTON BROCK, (hereinafter referred to as "Defendants", a term which is defined to include any and all related entities, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities), as well as their heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to PRESTON'S FOODS, INC., PRESTON'S STEAKHOUSE and CLAYTON BROCK), with reference to the following facts:

A.  Plaintiff, a former tipped employee of Defendants, has asserted claims relating to compensation, wages and other payments related to Plaintiff's employment with Defendants in a lawsuit styled *Gregory White v. Preston's Foods, Inc. d/b/a Preston's Steakhouse and Clayton Brock*, Case No. 15-cv-00167-SPC-CM and filed in the United States District Court for the Middle District of Florida (the "Lawsuit").

B.  Plaintiff's claims arise out of payments made to a tip pool which Plaintiff contends were made in violation of applicable law, including but not limited to claims for wages paid to the tip pool, claims for wages due to Plaintiff as a result of the alleged invalidation of the tip credit, liquidated damages, costs and attorneys' fees.

C.  Defendants deny liability to Plaintiff for any payments made to a tip pool, contend that the tip pool was implemented pursuant to a voluntary agreement without coercion by Defendants, and in any event contend that there was no willful violation of applicable law.

D.  Plaintiff is concerned about the Defendants' financial viability.

E.  Plaintiff and Defendants have agreed to settle the Lawsuit on the terms set forth below in order to avoid the uncertainty, delay and expense of litigation.

THEREFORE, in consideration of the mutual promises set forth in this Agreement, Plaintiff and Defendants agree as follows:

1.  The foregoing recitations are true and correct and are incorporated herein by reference.

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  Effective upon the dismissal of the Lawsuit (as defined below), Plaintiff hereby releases any and all claims which Plaintiff has or may have against Defendants for unpaid wages, liquidated damages or both, including any costs and attorneys' fees related to those claims, which arose or may have arisen prior to the date of

1

    execution of this agreement.

  B. That this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

  C. To file a Joint Motion for Approval of Settlement Agreement (to be prepared by counsel for Plaintiff).

  3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of twenty-seven thousand five hundred dollars ($27,500.00). Of this amount, Plaintiff will receive a total of seventeen thousand five hundred dollars ($17,500.00), representing wages, liquidated damages and consideration for the remaining promises in this agreement, and the amount will be paid as follows:

- **One certified check payable to GREGORY WHITE in the amount of $8,250.00 for wages, less all applicable and lawful payroll deductions and withholdings, and to be reported on a Form W-2; and**

- **One certified check payable to GREGORY WHITE in the amount of $9,250.00, representing $8,250.00 for liquidated damages and $1,000.00 as consideration for the remaining promises in this agreement, to be reported on a Form 1099 as "other income."**

- **One certified check payable to "Morgan & Morgan, P.A." in the amount of ten thousand dollars $10,000.00 representing attorneys' fees and costs incurred on Plaintiff's behalf.**

*Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter, and agrees that the amount of attorneys' fees and costs was separately negotiated and did not influence his agreement to accept payment of $17,500.00 from the Defendants.*

  4. Each check, as described in Paragraph 3 above, must be received by Plaintiff's counsel (c/o Angeli Murthy, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Ste. 400, Plantation, Florida, 33324) within 30 calendar days of the date Defendants' counsel receives a signed copy of the settlement agreement executed by Plaintiff and, in any event, no later than July 20, 2015. Plaintiff's counsel will hold each check in escrow and shall not disburse the checks to Plaintiff or deposit the check payable to Plaintiff's counsel until the Lawsuit has been dismissed (as defined below). If the Court declines to dismiss the Lawsuit, then this Agreement shall be null and void and Plaintiff's counsel shall promptly return each check to Defendant's counsel.

  5. The Lawsuit will be deemed to have been dismissed upon the entry by the district court judge of an order directing the clerk to enter judgment dismissing the Lawsuit.

  6. In the event that Plaintiff or Defendants commence an action for damages,

2

injunctive relief, or to interpret or enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7.   Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8.   This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

9.   This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendants.

10.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

11.  The law governing this Agreement shall be that of the United States and the State of Florida.

12.  The Agreement may be executed in several counterparts, so that all of which taken together shall constitute one and the same instrument. Copies of the Agreement, if sent by email or facsimile, shall have the same force and effect as an original document.

DATE: 7/17/15

Signature: _____
GREGORY WHITE

3

Signature:

DATE: 7/16/2015

_____
PRESTON'S FOODS, INC.
d/b/a PRESTON'S STEAKHOUSE

BY: *Clayton Brock*

DATE: 7/16/2015

_____
CLAYTON BROCK

4