UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY WHITE,

    Plaintiff,

v.                                          Case No:   2:15-cv-167-FtM-38CM

PRESTON'S FOODS, INC. and
CLAYTON BROCK,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 12),[2] filed on July 17, 2015. The parties included the settlement agreement with the filing. Doc. 12-1. Plaintiff, Gregory White, requests that the Court approve the parties' settlement of the Fair

---

[1] A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. Fed. R. App. P. 3; 11th Cir. R. 3-1; *Mitchell v. U.S.*, 2015 WL 2145573 *3 (11th Cir. 2015); *See De Souza v. JP Morgan Chase Home Lending Div.*, 2015 WL 1868236 *2 (11th Cir. 2015).

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Labor Standard Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked for the Defendants as a server. Doc. 1 at ¶ 18. Plaintiff seeks damages in an amount required to provide Plaintiff minimum wage for all hours worked, misappropriated tips, liquidated damages, and attorneys' fees and cost. Doc. 1 at 5-6. Plaintiff estimated that he worked 1,170 hours during a two year period and is owed for those hours. Doc. 12 at 3. Defendant asserts that if a $3.02 tip credited were to be required to be paid, Plaintiff's wages and liquidated damages would total less than $7,100.00 for the two year period and less than $13,000.00 for a three year period. *Id.* Plaintiff alleges also that he is entitled to the sums he paid into the tip pool which was 10% of what he earned each night. *Id.* The parties assert than the potential range of recovery if Plaintiff were to prevail is $6,825.00 to $22,670.00 depending upon whether a two or three year statute of limitations applied and depending upon whether liquidated damages were awarded. *Id.* Thus, the parties contend that should Plaintiff prevail his maximum recovery would be approximately $35,670.00.

As a reasonable compromise of the disputed issues, the Defendants have agreed to pay to Plaintiff the sum of $16,500.00 for unpaid wages and liquidated damages and $1,000.00 in consideration for additional promises, for a total sum of $17,500.00. *Id.* at 2. Plaintiff agreed to accept less than the potential maximum recovery given the uncertainties of litigation and the chance of recovering less or nothing should Defendant prevail. *Id.* Moreover, Plaintiff recognized the potential hurdles in proving that the tip pool was mandatory rather than voluntary and that the tip pool was unlawful throughout Plaintiff's employment. *Id.* at 5-6.

Additionally, Plaintiff recognized that potential challenges in establishing entitlement to the full amount of tips paid in the tip pool and the possibility that Defendant's may not be able to satisfy a judgment in any amount after protracted litigation.  *Id.* at 6.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here.  *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $10,000.00.  Doc. 12 at 2.  The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.  *Id.* at 3-4. Pursuant to *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 12 at 3-4. Thus, having reviewed the settlement documentation (Doc. 12-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 12) is **GRANTED**, and the Settlement Agreement (Doc. 12-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2015.

*[Signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record